NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KFC CORPORATION, ) <br> a Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARETHA, INC., a New Jersey ) <br> Corporation; JESSECO, INC., ) <br> a New Jersey Corporation; and ) <br> HERBERT G. HARRIS, an individual, ) <br> ) <br> Defendants. ) | Hon. Garrett E. Brown, Jr. <br><br> Civil Action No. 08-3154 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN**, Chief Judge:

    This matter comes before the Court on the motion (Doc. No. 17) for default judgment filed by Plaintiff KFC Corporation ("KFCC") as to Defendant Jesseco, Inc. ("Jesseco"). For the following reasons, KFCC's motion will be granted, and KFCC will be ordered to submit a revised request for attorneys' fees and costs.

**I.    BACKGROUND**

    KFCC operates and grants Kentucky Fried Chicken ("KFC") restaurant franchises. On October 8, 1997, KFCC issued a franchise agreement to Maretha, Inc. ("Maretha") for a KFC in Somerset, New Jersey. On September 9, 1998, KFCC issued a franchise agreement to Jesseco for a KFC in Franklin, New Jersey. The two franchise agreements (collectively "1997 Agreements") granted the franchisees a license to use KFCC's trademarks, service marks, and KFC methods of preparation and service of food products. Under the Agreements, the

franchisees were to pay monthly royalties.  In connection with the Agreements, the franchisees also entered into advertising agreements with the KFC National Council and Advertising Cooperative, Inc. (collectively "1997 Advertising Agreements"), under which the franchisees were to pay monthly advertising fees to various national and local advertising cooperatives.  Herbert G. Harris signed guaranty agreements with regard to both franchisees.  According to KFCC, Harris is the sole shareholder of both Maretha and Jesseco.  Harris also signed various agreements with KFCC designating himself as the authorized agent for all transactions with the two franchisees and as the person responsible for control and operation of the franchises.

      Between March 2005 and March 2007, KFCC issued numerous letters to the franchisees and Harris notifying them that they were in default of their obligations under the 1997 Agreements and 1997 Advertising Agreements by failing to make the required monthly payments.  KFCC terminated those Agreements in July 2007.  In October 2007, KFCC and the franchisees entered into Reinstatement Agreements for the limited purposes of selling the two franchises, and stipulated that these Reinstatement Agreements would terminate if the franchises were not sold during the reinstatement period.  Along with the Reinstatement Agreements, the parties entered into new franchise agreements (collectively "2007 Agreements") and advertising agreements ("2007 Advertising Agreements") that carried the same terms for payment of monthly royalty and advertising fees as did the earlier agreements.  Once again, Harris signed guaranty agreements for both franchisees, and signed agreements designating himself as the franchisees' authorized agent and control person.

      Despite the reinstatement, the franchisees failed to make the required monthly royalty and advertising payments.  By letter dated June 2, 2008, KFCC notified Maretha and Jesseco that the

2007 Agreements would be terminated without further notice on August 10, 2008 if the franchisees did not remit their past due payments and take other required actions, including the final sale of both franchises. Maretha and Jesseco did not cure their defaults.

Aside from the monthly payments owed, the various Agreements also provide for prejudgment interest and for reasonable attorneys' fees and costs for the prevailing party in any action brought by KFCC to enforce the Agreements. Such attorneys' fees and costs are recoverable if they were "in connection with the litigation" instituted by KFCC based on the relevant Agreements. (Rook Aff., Ex. A (1997 Jesseco Franchise Agreement) at ¶ 20.3; Rook Aff., Ex. E (2007 Jesseco Franchise Agreement) at ¶ 20.3.)

In June 2008, KFCC filed its Complaint in this matter against Maretha, Jesseco, and Harris. In August 2008, Jesseco filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. (Rook Aff. ¶ 24.) Therefore, KFCC's termination of the relevant Agreements and its action against Jesseco were subject to an automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a). Defendants Maretha and Harris were properly served with the Complaint and failed to file an Answer or other responsive pleading within the time limits set by Federal Rule of Civil Procedure 12(a)(1). The Clerk entered defaults against Maretha and Harris, and KFCC subsequently moved for default judgment against Maretha and Harris. KFCC did not move for default judgment against Jesseco at that time. On April 7, 2009, Senior United States District Judge Harold A. Ackerman issued an Opinion and Order granting default judgment in KFCC's favor against Maretha and Harris. (Doc. No. 12.)[1] That Order included awards of attorneys' fees and costs reasonably incurred in prosecuting this

---

[1] This matter was reassigned to the undersigned by Order of August 10, 2009.

matter against Maretha and Harris.

By Order dated April 9, 2009, KFCC was granted stay relief to proceed with termination of the Agreements as to Jesseco. In a letter dated April 27, 2009, KFCC terminated the Agreements as to Jesseco effective April 14, 2009, for the reasons stated in the previous termination. Jesseco's Chapter 11 bankruptcy action was dismissed on August 5, 2009. On March 4, 2010, KFCC properly served Jesseco, via Harris, with the Complaint for a second time. Jesseco failed to file an Answer or other responsive pleading within the time limits set by Federal Rule of Civil Procedure 12(a)(1). The Clerk entered default as to Jesseco on April 5, 2010, and KFCC now moves for default judgment against Jesseco. KFCC seeks payment of the past due royalty and advertising fees, prejudgment interest, and an award of reasonable attorneys' fees and costs.

Jesseco has yet to appear or file any papers in this matter.

## II.     ANALYSIS

### A.     Default Judgment

Default is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v.*

*Kumar*, No. 06-5231, 2008 WL 878426, at *3 (D.N.J. Apr. 1, 2008) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

KFCC properly effectuated service of process on Jesseco, and Jesseco has had ample notice of the instant motion. Accepting the allegations of the Complaint as true and admitted by Jesseco, KFCC's allegations establish violations of the various franchise and advertising Agreements. This Court concludes that an entry of default judgment against Jesseco is appropriate. Jesseco has not proffered a meritorious defense to KFCC's claim that Jesseco breached the relevant Agreements, and the facts as alleged in the Complaint provide no indication of a meritorious defense. Moreover, KFCC has suffered by Jesseco's failure to respond and will continue to suffer prejudice if default judgment is not granted. The Court also finds Jesseco culpable with respect to its failure to respond. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (stating that defendants "are presumed culpable where they have failed to answer, move or otherwise respond"). Therefore,

this Court will grant KFCC's motion for default judgment against Jesseco.

  B.  <u>Overdue Fees and Prejudgment Interest</u>

  KFCC has shown that it is entitled to the past due royalty and advertising fee amounts owed by Jesseco. As of the date of termination on April 14, 2009, Jesseco failed to pay the required royalties and advertising fees in the amount of $168,689.81. Including prejudgment interest at 1.5% per month per the various agreements, Jesseco owes an additional $36,607.90 as of June 21, 2010, the return date of the instant motion. (Rook Aff. ¶¶ 28, 29.)

  According to KFCC, based on the terms of the various Agreements, prejudgment interest continues to accrue on these amounts at the per diem rate of $84.35 (*id.* ¶ 31), and this Court agrees. Upon issuing final judgment, this Court will award KFCC its overdue fees and the appropriate amount of prejudgment interest.

  C.  <u>Reasonable Attorneys' Fees and Costs</u>

  Pursuant to the various Agreements, KFCC is entitled to reasonable attorneys' fees and costs as the prevailing party in this action. In determining the reasonableness of a fee request, the Third Circuit has adopted the "lodestar" method, by which the Court multiplies the number of hours reasonably expended by counsel by a reasonable hourly rate. *See, e.g.*, *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorney fees bears the burden to prove the reasonableness of the fee request. *Rode v. Dellarsciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record. *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quotation omitted).

  KFCC has submitted billing records for this Court's review. KFCC asserts that it

incurred a total of $47,304.81 in attorneys' fees and costs in connection with this matter through June 21, 2010.  The court finds many of KFCC's fees and costs reasonable.

However, in reviewing the invoices and descriptive time entries submitted in support of KFCC's request, it appears that KFCC has included charges related solely to the prosecution of this action against Maretha and/or Harris.  (*See e.g.*, Couch Aff., Ex. B at 14 (Entry for 8/25/08), 16 (Entry for 9/8/08).)  Judge Ackerman previously awarded KFCC reasonable attorneys' fees resulting from the prosecution of this matter against Maretha and Harris.  KFCC is now entitled only to reasonable attorneys' fees and costs incurred in litigating this case against Jesseco.

KFCC also appears to seek recovery for certain charges arising from the handling of the bankruptcy action filed by Jesseco.  (*See e.g.*, Couch Aff., Ex. B at 7 (Entry for 06/27/08), 10 (Entry for 07/09/08).)  The relevant Agreements provide for reasonable attorneys' fees and costs for the prevailing party in any action brought by KFCC based on those Agreements.  This Court concludes that fees and costs related solely to the handling of Jesseco's bankruptcy are not recoverable under the relevant Agreements because KFCC did not institute the Jesseco bankruptcy action and charges related to that action are not connected to the prosecution of the instant litigation.

No later than August 2, 2010, KFCC shall submit a revised attorneys' fees and costs request, along with descriptive time entries from its billing records, including only those charges related to the prosecution of this action against Jesseco.  KFCC shall not include charges solely attributable to: (1) the prosecution of this matter against Maretha and/or Harris; or (2) the Jesseco bankruptcy proceedings.

**III.    CONCLUSION**

For the foregoing reasons, KFCC's motion for default judgment (Doc. No. 17) will be GRANTED. An appropriate Form of Order accompanies this Memorandum Opinion. No later than August 2, 2010, KFCC shall submit a revised attorneys' fees and costs request in accordance with this Memorandum Opinion. This Court will enter final judgment in due course.


Dated: July 13, 2010

                                                                     S/Garrett E. Brown, Jr.
                                                  Garrett E. Brown, Jr., Chief Judge
                                                  United States District Court